**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSHUA KISNER,

                        Plaintiff,

    v.                                         5:13-CV-1325 (TJM/ATB)

BANK OF AMERICA,

                        Defendant.

JOSHUA KISNER
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Joshua Kisner. (Dkt. Nos. 1, 2).

**I.**    **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)

-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff filed this complaint using a form for civil rights actions pursuant to 42

2

U.S.C. § 1983. (Compl.) (Dkt. No. 1). Plaintiff alleges that he lost his job in the summer of 2008, and he informed an "agent" of the Bank of America ("BOA"). (Compl. ¶ 4). Plaintiff states that the BOA "closed on loan [sic]," that he lost his home through foreclosure, and he was "evicted" on November 23, 2009. Plaintiff claims that he became disabled due to the loss of his home. (*Id.*)

Plaintiff then states that on April 19, 2013, federal regulators found the BOA "culpable in 'deficient Mortgage Servicing and foreclosure processes.'" Plaintiff alleges that on June 10, 2013, he was "awarded [a] class action settlement" through Virginia's Attorney General and National Mortgage Settlement. (*Id.*) The complaint contains only one cause of action:

> Whereas, Bank of America was deficient in my mortgage servicing and foreclosure processes.

(Compl. ¶ 5). Plaintiff states that he seeks $ 135,000 restitution. (Compl. ¶ 6). He appears to break this amount down into $128,000 (the remainder of the home loan) and $7,000 ("pain and suffering"). (*Id.*) Attached to plaintiff's complaint is the form that he received entitled "Independent Foreclosure Review," dated April 19, 2013 and a letter from the Attorney General of the State of Virginia. (Compl. Ex. 1) (Dkt. No. 1-1). These documents indicate that plaintiff received $600.00 as a payment from the Paying Agent – Rust Consulting, Inc., a company located in Minnesota. (*Id.*)

### III. Jurisdiction

#### A. Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global*

*Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). Thus, the court will consider possible bases for plaintiff's assertion of jurisdiction.

### 1. Federal Question Jurisdiction

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff has cited section 1983 as a basis for his action. To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official

4

capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

Although plaintiff has brought this action on a section 1983 form, the only defendant is the BOA. There is no indication that the BOA acted under color of state law or conspired with any person or entity acting under color of state law. Plaintiff simply states that, according to "Federal Regulators," the BOA was "deficient" in his mortgage servicing and foreclosure processes. Thus, plaintiff may not assert jurisdiction pursuant to section 1983. Plaintiff has not asserted jurisdiction on the basis of any other federal statute, thus, it does not appear that plaintiff may allege jurisdiction based upon a "federal question."

### 2. Diversity

Section 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). A party asserting diversity jurisdiction must assert "complete" diversity in the complaint. *Aleph Towers, LLC v. Ambit Texas, LLC*, No. 12-CV3488, 2013 WL 4517278, at *3 (E.D.N.Y. Aug. 23, 2013). Complete diversity means that all defendants must be of diverse citizenship to plaintiff. *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) (complete diversity required between all plaintiffs and all defendants). National banks are citizens of the state in which their main office is located. *See Mfrs. & Traders Trust Co. v. HSBC Bank U.S.A., N.A.*, 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). In this case, plaintiff lists the BOA's address in Charlotte, North Carolina. (Compl. ¶ 3(a)). Thus, the parties are diverse.

In addition to diversity of citizenship, however, section 1332 also requires that the amount in controversy to confer diversity jurisdiction on the federal court is $75,000.00, "exclusive of interest and costs". 28 U.S.C. § 1332(a). The party invoking diversity jurisdiction has the burden of showing that there is a "reasonable probability" that the claim is in excess of the jurisdictional amount. *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Generally, the "face of the complaint is a good faith representation of the actual amount in controversy, and a party opposing diversity jurisdiction must show to

a legal certainty that the amount recoverable does not meet the jurisdictional amount." *Id.* at 397. (citations omitted). The Second Circuit has stated that even where the allegations "leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Id.* (quoting inter alia *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982)) (internal quotation marks omitted). In this case, plaintiff has asked for $135,000.00 in damages. On the surface, plaintiff has alleged a sufficient amount in controversy to meet the jurisdictional amount. Thus, plaintiff could assert diversity jurisdiction.

## IV. <u>Failure to State a Claim</u>

Although plaintiff would have a possible basis for diversity jurisdiction because he and defendant are of diverse citizenship, plaintiff has still failed to state any basis for his claim, federal or otherwise. In his statement of facts, he simply alleges that in 2008, he informed BOA that he lost his job, but the bank foreclosed on his house anyway, and he was evicted in November of 2009. He then states that in 2013, Federal Regulators "found" that the BOA was "culpable," in deficient mortgage servicing and foreclosure processes. Plaintiff was awarded some money in a class action settlement through the Attorney General in Virginia, where the property is located.

Plaintiff appears to believe that his receipt of the class action settlement is somehow proof of some wrongdoing by BOA. However, plaintiff never alleges which BOA unit office was involved in his loan, and he never specifies the wrongdoing in which BOA engaged relative to plaintiff's loan. The general claim that the settlement

7

indicates wrongdoing, without any allegation as to plaintiff's loan specifically, is an insufficient factual basis to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

The court has reviewed the attachment to plaintiff's complaint in an attempt to determine a possible basis for the claim. The plaintiff's exhibit refers the reader to the "Settlement website" at www.nationalmortgagesettlement.com. (Dkt. No. 1-1 at 2; Letter from Virginia AG). Based on the information on the website, it appears that there were two separate settlement agreements: a National Mortgage Settlement, and an Independent Foreclosure Review Payment Agreement ("IFR"). (www.national-mortgagesettlement.com.) The document submitted by plaintiff indicates that he received a payment from the IFR.

While the website also indicates that accepting a payment from either settlement would "not affect any rights you may have to take legal action related to your foreclosure," it does not indicate that the settlement can be a basis for such action. There is also no indication that such a settlement found the BOA (or any other Bank involved in the settlement) "culpable" as stated by plaintiff. The notice simply tells the plaintiff that the payment he is received was based upon the BOA's "agreement" with federal regulators. In *Green v. Bank of America*, No. 12-2275, 2013 WL 3722105 (6th Cir. July 17, 2103), the court discussed the settlement agreement in an unrelated action where plaintiff was attempting to assert that the "notice" itself, as

8

opposed to a payment under the agreement, was sufficient to reverse the foreclosure order on her home. The Sixth Circuit stated that "by the plain terms of the Stipulation and Consent to the Issuance of a Consent Order, Bank of America does not admit any wrongdoing." *Id.* at *4. The court held that the agreement itself did not establish any liability by BOA. *Id.* In this case, without more, plaintiff has failed to state a plausible claim under any basis for liability. Thus, the complaint may be dismissed.

## V. <u>Venue</u>

The relevant venue provision for a civil action is 28 U.S.C. § 1391(b), which provides as follows:

> (b) A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

In this case, the court notes that although plaintiff currently appears to be a resident of New York, defendant is a citizen of North Carolina for purposes of this case, and the property at issue as well as the loan at issue were in Virginia. All the "events or omissions giving rise to the claim" occurred in Virginia. The letter that

9

plaintiff received was from the Attorney General of Virginia. Thus for purposes of the venue statute, the proper venue for this action would have been the Western District of Virginia.[1] The court must, therefore, dismiss the action or transfer it to the appropriate court. While normally, the court would transfer the action, plaintiff has failed to state a claim for relief. Rather than transferring this action, I will recommend dismissing the action without prejudice to plaintiff amending the complaint and filing his action in the appropriate court.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, **WITHOUT PREJUDICE TO PLAINTIFF AMENDING HIS COMPLAINT AND FILING HIS ACTION IN THE WESTERN DISTRICT OF VIRGINIA**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

---

[1] The address of the property was in Stanley, Virginia. (Dkt. No. 1-1 at 1). Stanley is in Page County, and Page County is in the Western District of Virginia. The court's website indicates that for a Page County location, the appropriate court in which to file is Harrisonburg. www.vawd.uscourts.gov/court-information/where-to-file.aspx.

*Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 29, 2013

                                              Hon. Andrew T. Baxter
                                              U.S. Magistrate Judge